**David L. COLE and Henrietta Cole, h/w, et al., Plaintiffs,**

**v.**

**Julian O. FINSEL, et al., Defendants.**

**Civ. No. 87–1039.**

United States District Court, M.D. Pennsylvania.

June 20, 1988.

Michael J. McCaney, Jr., Philadelphia, Pa., for plaintiffs.

William A. Jones, Sherr & Zuckerman, P.C., Norristown, Pa., for Kidder Tp.

Edward J. Hardiman, Pocono Pines, Pa., for S & S Home Builders, Inc. & Richard C. George.

Michael J. Piosa, Weaver, Mosebach, Piosa, Hixson, Wallitsch & Marles, Allentown, Pa., for Albert Castagnola.

Charles A. Shaffer, Mahler & Shaffer, Wilkes–Barre, Pa., for Kenneth J. McGeehan.

James V. Fareri, Mervine, Brown, Newman, Williams & Mishkin, Stroudsburg, Pa., for Estate of Vincent Crill.

A. Richard Caputo, J. Thomas Shea, Shea, Shea & Caputo, Wilkes–Barre, Pa., for New Horizons, Ltd.

Roger N. Nanovic, II, Jim Thorpe, Pa., for Julian O. Finsel.

William G. Schwab, Lehighton, Pa., for Joseph L. Barbeito & Tamara Barbeito.

Richard A. Polachek, Bialkowski, Fine & Bialkowski, P.C., Scranton, Pa., for Pocono West, Inc., David W. Petzold, and Carl Ache.

Susan J. Forney, Deputy Atty. Gen., Harrisburg, Pa., for Gary S. Reinhardt, Deputy Atty. Gen.

Joseph T. Wright, Jr., McDonnell, O'Brien & Wright, Scranton, Pa., and David W. Buckley, Statland, Nerenberg, Nassau, Buckley & Squires, Washington, D.C., for Dianna A. Broussard, Mary Chesley & Michael Chesley, T/A Pa Land Partnership.

Timothy J. McManus, James A. Swetz, Cramer, Swetz & McManus, Stroudsburg, Pa., for Vacation Charters, Ltd.

James V. Fareri, Mervine, Brown, Newman, Williams & Mishkin, Stroudsburg, Pa., for W. Jack Kalins, Executor of the Estate of Vincent Crill.

Joseph R. Ferdinand, Bigelow, Gillespie & Cooper, Hazleton, Pa., for Wilson D. Rehrig, Sr. & Rocco P. Leonardis.

Mark P. Pazuhanich, Hanna, Young & Upright, Stroudsburg, Pa., for Northeast Land Co.

Robert J. Farrell, Gallagher & Farrell, Scranton, Pa., for Frederick D. Kauffman R.F.V. Associates.

Lawrence J. Moran, Thomas D. Brown, Abrahamsen, Moran, Connolly & Conaboy, Scranton, Pa., for Robert P. Ludgate, Mary Dick & R.F.V. Associates, Inc.

Patrick Casey, Scranton, Pa., for ERA Pocono Resorts Realty, Inc.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

### PROCEDURAL HISTORY

The Plaintiffs in the above matter are 19 individuals who purchased properties located in Kidder Township, Carbon County, Pennsylvania, through agreements of sale over a period stretching from August, 1983 to August, 1985. Defendant Finsel, the sewage enforcement officer for Kidder Township, Pennsylvania, issued permits for on-site sewage disposal systems for each of the Plaintiffs' properties. However, the Plaintiffs allege that their properties were never tested to ascertain the suitability for a sewage disposal system and, unfortunately, the properties are unsuitable for any

type of on-site sewage disposal system. Plaintiffs Cole, Edgar, Orlando, Guidice, and Aiello, relied on the permit which Defendant Finsel issued and entered into construction agreements with various builders resulting in homes being constructed on the property.

Plaintiffs allege Defendant Finsel, acting in his official capacity, routinely accepted illegal payments in exchange for sewage permits and, in fact, issued their permits as a result of the illegal payments.

As a result, the Plaintiffs filed a 22 count complaint on July 27, 1987. The counts can be briefly summarized as follows:

*Counts 1 through 4*—Plaintiffs v. various Defendants under Section 1964 of the Racketeer Influenced and Corrupt Organizations Act.[1]

*Count 5*—Plaintiff v. Kidder Township for deprivation of rights secured under 42 U.S.C. § 1983.

*Count 6*—David and Henrietta Cole v. Gary S. Reinhardt, Deputy Attorney General of Pennsylvania for deprivation of rights secured under 42 U.S.C. § 1983.

*Count 7*—Plaintiffs v. Kidder Township based on breach of warranty.

*Count 8*—Plaintiff Edgar v. Defendant Northeast Land Co. for breach of contract.

*Count 9*—Plaintiffs LeDonne v. Defendants Brousard, Chelsea, and Chelsea t/a Pocono Land Partnership for breach of contract.

*Count 10*—Plaintiffs Lauterbach v. Defendants Rehrig and Leonardis for breach of contract.

*Count 11*—Plaintiffs Romano v. Defendants Barbeito for breach of contract.

*Count 12*—Plaintiffs D'Adamo and Aiello v. Defendants Ludgate, Crill, and Kauffman, t/a R.F.V. Associates, for breach of contract.

*Count 13*—Plaintiffs Cole v. Defendants Pocono West, Inc., and Finsel, based on fraud.

*Count 14*—Plaintiffs Edgar, D'Adamo, and Aiello v. Defendants Ludgate, Pocono West, Inc.; George, S & S Home Builders, Inc., and Finsel, based upon fraud.

*Count 15*—Plaintiffs Ledonne, Orlando, Lauterbach, Romano, Massie, Fallon and Guidice v. Defendant Finsel, based upon fraud.

*Count 16*—Plaintiffs Cole v. Defendants Ludgate and Pocono West, Inc., based upon negligence.

*Count 17*—Plaintiff Edgar v. Defendant Pocono West, Inc. based upon negligence.

*Count 18*—Plaintiffs Lauterbach v. Defendant Rehrig based upon negligence.

*Count 19*—Plaintiffs Romano v. Defendant Kenneth McGeehan based upon negligence.

*Count 20*—Plaintiffs Massey v. Defendant E.R.A. Pocono Resorts Realty, Inc. based upon negligence.

*Count 21*—Plaintiffs Fallon v. Defendant Pocono West, Inc. based upon negligence.

*Count 22*—Plaintiffs D'Adamo and Aiello v. Defendants Ludgate and Pocono West, Inc., based upon negligence.

In response to the complaint, various Defendants have filed motions to dismiss the complaint or for a more definite statement. Many of those motions are similar to those raised in the companion case of *Mallough v. Finsel, et al.*, Civil No. 86–1179. Here, as in *Mallough*, Defendants argue that the Plaintiffs' allegations against them under the RICO counts either do not state a RICO claim or are too vague for them to form an adequate response. Similarly, the Defendants maintain that Plaintiffs' fraud allegations either fail to comply with the specificity requirement of Fed.R.Civ.Proc. 9(b) or simply do not contain the necessary averments for maintaining a fraud action. With regard to the negligence allegations, Defendants raise the absence of any duty

---

**1.** Plaintiffs name as the RICO defendant, Julian O. Finsel, S & S Home Builders, Inc., Richard C. George, Albert Castagnola, Pocono West, Inc., New Horizons, Ltd., David W. Petzold, Carl Ache, Mary Dick Ludgate, Robert P. Ludgate, W. Jack Calins, Executor of the Estate of Vincent Crill, Frederick D. Kaufman, T/A R.F.V. Associates, Vacation Charters, Inc., and Kidder Township.

on their part, the breach of which would implicate negligence considerations.

Defendant Kidder Township argues here, as in *Mallough*, that the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541 *et seq.* bars the Plaintiffs' breach of warranty claims against it. Kidder Township also reiterates the argument raised in *Mallough*, that Plaintiffs have failed to plead a cause of action against the Township under 42 U.S.C. § 1983 for any violation on their part of the Plaintiffs' constitutional rights.

Although the briefing in this case is nearly identical to that in *Mallough*, the instant motions also contain a few issues which are unique to this case. Namely, various Defendants raise res judicata as a defense by pointing to orders of the Court of Common Pleas of Carbon County, Pennsylvania. Those Orders dismissed an amended complaint that Plaintiffs filed in the common pleas court on preliminary objections raised by Defendants.

Also peculiar to the instant action is David and Henrietta Cole's civil rights count against Gary S. Reinhardt, Deputy Attorney General of Pennsylvania. Defendant Reinhardt has moved to dismiss the claim on three alternative grounds (1) prosecutorial immunity; (2) qualified good faith immunity; and (3) that his conduct did not rise to the level of a constitutional violation.

In light of the various motions, the Court will file an order consistent with the *Mallough* opinion dated May 31, 1988, requiring the Plaintiffs to amend the RICO and fraud counts in conformity with the discussion in the *Mallough* memorandum. Furthermore, in conformity with the *Mallough* opinion, the Court will grant Kidder Township's motion to dismiss the breach of warranty counts as precluded by the Political Subdivisions Tort Claims Act. Additionally, the Court will deny Kidder Township's motion to dismiss Plaintiffs' civil rights claim grounded on 42 U.S.C. § 1983.

The remainder of this Memorandum will address the Defendants' defense grounded on res judicata, and will consider Defendant Reinhardt's immunity defenses.

## RES JUDICATA DEFENSES

With respect to the earlier lawsuit, the parties appeared to concede that on June 9, 1986 Frank Aiello, Robert J. D'Adamo, Jr., Richard Edgar, and a class of undetermined persons designated as "Class A" filed a complaint entitled as a class action in the Court of Common Pleas of Carbon County to No. 86–Civ–0543. Plaintiffs' complaint sounded in fraud and negligence, identified numerous Defendants and was grounded on the same operative facts as those involved in the lawsuit before this court.

In response to that complaint, many of the Defendants filed preliminary objections and as a result the Court ordered that the complaint be amended. Thereafter, Plaintiffs' counsel amended the complaint listing the Plaintiffs as follows: Frank Aiello; Robert J. D'Adamo, Jr.; Richard Edgar; Vincent Sbarro; and Sandra Sbarro; David Cole and Henrietta Cole; Ronald LeDonne and Lillian LeDonne; and Antonio Donato and Adeliene Donato; Robert Orlando and Susan Orlando; and a class of undetermined persons designated as "Class A".

Defendants Pocono West, Inc., David W. Petzold and Carl Ache, Northeast Land Company, Kidder Township, Julian O. Finsel, Richard C. George, and S & S Home Builders, Inc., have demonstrated that following receipt of the amended complaint they filed preliminary objections in the nature of a demurrer and that President Judge John R. Lavelle sustained the objections, finding that Plaintiffs' amended complaint failed to state a cause of action. Judge Lavelle apparently dismissed the complaint against Kidder Township upon the defense of governmental immunity. Plaintiffs did not appeal Judge Lavelle's Orders which dismissed their claims against the various Defendants.

The Defendants, specified in the above paragraph, maintain that under Pennsylvania law where a court sustains preliminary objections, the Order which dismisses the complaint is final and appealable. After the appeal period expires, the doctrine of res judicata becomes applicable and the

Order may not be vacated. Moreover, Defendants argue that the judgment operates as a bar and prevents relitigation of all grounds for recovery that were available to the parties before the particular court rendered the judgment, in relation to the same claim, regardless of whether all grounds for recovery or defenses were judicially determined. The above Defendants contend that such a result should obtain in the instant case.

In response to the above Defendants' res judicata defense, Plaintiffs raise a number of arguments: (1) the dismissal of the amended complaint in the state action on the basis of preliminary objections was not a judgment on the merits to which res judicata attaches; (2) alternatively, if the Order was a decision on the merits, the judgment entered should bind only the named parties to the action because the Carbon County matter was a class action and, thus, those Plaintiffs that were added to the amended complaint should not be construed as "named parties to the action"; rather, those Plaintiffs were only identified members of the class; (3) that doctrine of merger and bar is inapplicable in a class action.

Res judicata, now commonly referred to claim preclusion, contemplates that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889–1890 n. 6, 72 L.Ed.2d 262 (1982). Res judicata acts to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Schultz v. City of Philadelphia*, 314 Pa. Super. 194, 460 A.2d 833 (1983). In considering the preclusive effect of state court judgments, the district court must follow the dictates of the full faith and credit statute, 28 U.S.C. § 1738, which provides in relevant part that: "the ... judicial proceedings of any court of such State ... shall have the same full faith credit in

every court within the United States ... as they have by law or usage in the court of such State...." Under this provision, the preclusive effect that a federal court must give to a state court judgment is determined by reference to the state law of preclusion. Thus, a federal court is required to put itself in the same position as the state court; determine the preclusive effect to which the state judgment would be entitled in state court; and give the state judgment the same preclusive effect in a federal court action. In *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court declared that these principles apply not only to federal claims actually litigated in the state proceedings, but also apply to federal claims that could have been but were not litigated in the state proceedings.

Under Pennsylvania law, res judicata applies upon the concurrence of four conditions: (1) an identity in the thing sued for; (2) identity in the cause of action; (3) identity of persons and parties to the action; and (4) identity of the capacity to party suing or sued. See *Duquesne Slag Products Co. v. Lench*, 490 Pa. 102, 415 A.2d 53 (1980); *Schultz v. City of Philadelphia, supra*, 460 A.2d at 835; *Dunham v. Temple University, etc.*, 288 Pa.Super. 522, 432 A.2d 993 (1981).

The Court in *In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 450–451, 477 A.2d 527 (1984) stated a court's task and pertinent considerations in addressing a res judicata defense as follows:

The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had an opportunity to appear and assert their rights. *Callery v. Municipal Authority of Blythe*, 432 Pa. 307, 243 A.2d 385 (1968); *Schultz v. City of Philadelphia*, 314 Pa.Super. 194, 460 A.2d 833 (1983); *Notoro v. Estate of Hyer*, 239 Pa.Super. 10, 361 A.2d 766 (1976). In making this evaluation our courts have looked to the basic issues and the harm sought to be remedied in the separate suits. *Duquesne Slag*

*Products v. Lench, supra; Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975). For a prior class action judgment to bar an action on the basis of res judicata the parties must be identical in both suits; the prior judgment must have been entered by a court of competent jurisdiction; there must have been a final judgment on the merits and the same cause of action must be presented in both cases. *Sea–Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974).

As to the identity of cause of action, rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to various legal claims. Whatever the conceptual difficulties inherent in the definition of a "cause of action" often the presence of a single cause of action is clear. *Davis v. United States Steel Supply,* 688 F.2d 166 ([3d Cir.] 1982), cert. denied 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 [(1983)] (applying Pennsylvania law). The Davis court recognized that in determining whether a single cause of action is present one may consider the identity of the acts complained of, the demand for recovery, the identity of witnesses, documents and facts alleged. A lack of identity of these facets would, of course, support the conclusion that there is no identity of cause of action.

■ Considering the above, this Court must reject the Plaintiffs' argument that the principals of merger and bar would not apply by virtue of the Carbon County complaint being designated as a class action. Nor is this Court persuaded that only those Plaintiffs who were listed on the original Carbon County complaint will be bound by the earlier judgment. A review of the structure of the Amended Complaint clearly exhibits that each of the Plaintiffs listed on the Amended Complaint undertook the role of representatives of "Class A" and would be considered named parties under Pennsylvania law. A judgment entered on preliminary objections in a class action before certification binds the named parties

to the action. Pa.R.Civ.Proc. 1715(b). Accordingly, those two arguments must be rejected.

■ Plaintiffs' argument that the earlier judgment was not on the merits presents a more difficult question. It is clear under Pennsylvania law that where the court sustains a demurrer and dismisses a complaint, such an order is final and appealable. *Brown v. Kleinfelter,* 267 Pa.Super. 144, 406 A.2d 560 (1979). Moreover, the dismissal of an action for failure to state a claim has been held to be a final judgment on the merits. *Brown v. Cooney,* 296 Pa. Super. 117, 120, 442 A.2d 324 (1982); *Coggins v. Carpenter,* 468 F.Supp. 270 (E.D. Pa.1979).

The Court in *Brown v. Cooney, supra.,* stated the issue as follows:

Where the facts alleged by the plaintiff present the issue on which the court holds that no cause of action exists, determination of that issue is "on the merits." 50 C.J.S. Judgments § 633, p. 67 (1947).

Restatement, Judgments § 49, Comment a (1942) summarizes the distinction between a judgment on the merits and a judgment which is not on the merits:

"A judgment for the defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law. *If the judgment determines that the plaintiff has no cause of action, it is on the merits; but if it determines only that the plaintiff is not entitled to recover in the particular action, it is not on the merits. If the defendant, whether on demurrer, motion, verdict or otherwise, obtains judgment in his favor on a ground not involving the substance of the plaintiff's cause of action, the cause of action is not extinguished thereby.* This is the case, for example, where the judgment is based on the lack of jurisdiction of the court over the defendants or over the subject of the action, on the plaintiff's lack of capacity to sue, on the pendency of a prior action, on the misjoinder or non-

joinder of parties or on the misjoinder of causes of action."

*Brown v. Cooney,* supra, 296 Pa.Super. pp. 120–121, 442 A.2d 324 (emphasis in original).

Similarly, in *Reiff v. City of Philadelphia,* 471 F.Supp. 1262, 1266 n. 3 (E.D.Pa. 1979), the Court noted that where the Common Pleas Court dismissed the Plaintiff's state court action on preliminary objections in the nature of a demurrer, that dismissal constituted a final valid judgment on the merits which carried res judicata effect.[2]

Therefore, with respect to the moving defendants other than Kidder Township, the Court must reject the Plaintiffs' argument that the Carbon County Court decision were not judgments on the merits. As such, the earlier judgment is conclusive not only as to matters actually litigated and determined, but also as to all matters properly within the scope of the pleadings which could and should have been adjudicated at that time.[3]

■ Regarding Kidder Township's claim that res judicata applies with respect to it, Plaintiffs direct the Court to the Third Circuit's opinion in *Wade v. City of Pittsburgh,* 765 F.2d 405 (3d Cir.1985). There, the City of Pittsburgh secured summary judgment in the Pennsylvania trial court on the basis of statutory immunity. The Third Circuit found that the basis upon which the case concluded was not a judgment on the merits, but was a judgment secured on a collateral defense having no bearing on the wrongful conduct on the part of the City or the injury sustained by the Plaintiff. In that regard, the Circuit Court found that the summary judgment would not, under the doctrine of res judicata, bar Plaintiffs from subsequently bringing a Federal Civil Rights action under 42

U.S.C. § 1983 against the City and its officers.

Kidder Township's motion to dismiss on res judicata grounds indicates that the Carbon County Court sustained its preliminary objections on the grounds of governmental immunity; precisely the situation as is *Wade.* In that regard, the earlier judgment will not, under the circumstances of the present case, preclude claims not actually litigated by Kidder Township in the Carbon County Court. While this Court is bound apply issue preclusion to Kidder Township's immunity defense, since even a "non merit judgment" is conclusive as to those matters actually adjudged, this Court is unable to extend that earlier ruling to preclude Plaintiffs' federal claims presented in this lawsuit.

### MOTION OF DEFENDANT REINHARDT

■ As indicated previously, the Cole Defendants aver in Count VI of the complaint that Defendant Gary S. Reinhardt, a Pennsylvania Deputy Attorney General, deprived them of their due process rights.

The facts underlying Count VI appear, for the most part, uncontested, and are as follows. In 1984, the Coles purchased the Kidder Township property involved in the case. Approximately a year later, the Office of the Pennsylvania Attorney General became aware of possible irregularities in the issuance of sewage permits on properties in the Kidder Township. Kevin J. Cogen, a Special Agent with the Bureau of Criminal Investigation of the Pennsylvania Attorney General's Office, initiated an investigation with the cooperation of an informant, Defendant Robert P. Ludgate.

On May 30, 1985, Ludgate told Cogen that he had discussed making a $1,000 payment to a sewage enforcement officer for

---

**2.** The Court notes that in federal cases a dismissal on a 12(b)(6) motion for failure to state claim is a judgment "on the merits" for the purpose of res judicata. *Federated Department Stores v. Moitie,* 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 2428 n. 3, 69 L.Ed.2d 103 (1981).

**3.** This includes Plaintiffs' RICO claims since there appear to be no prohibition against asserting such claims in state court. *See Village at*

*Camelback v. Carr,* 371 Pa.Super. 452, 538 A.2d 528 (1988) (state and federal courts have concurrent jurisdiction over private civil actions brought under federal Racketeer Influenced and Corrupt Organizations Act.); *Village Improvement Ass'n v. The Dow Chemical Co.,* 655 F.Supp. 311 (E.D.Pa.1987); *Chas. Kurz Co. v. Lombardi,* 595 F.Supp. 373 (E.D.Pa.1984).

the Township for the issuance of a standard sewage permit for the Coles' property. Cogen visited the Coles' property on June 6th and observed that no construction had taken place. Subsequently, Ludgate met with the Sewage Enforcement Officer, Julian O. Finsel, to make payments for sewage permits on other properties in the Township. During the meeting, Ludgate and Finsel discussed the payment of $1,000 for a standard sewage permit on the Coles' property. Finsel met with Ludgate again on June 22nd at which time Ludgate paid the sum $1,000 for the sewage permit. The money used to pay Finsel was marked and provided to Ludgate by the Bureau of Criminal Investigation.

Defendant Reinhardt was first assigned to the Kidder Township matter on or about July 3, 1985. As of that date no construction had place on the Coles' property; nor, did Reinhardt have substantial evidence that the permit issued to the Coles was invalid.

In July and August of 1985, Defendant Reinhardt attempted to obtain Finsel's cooperation in the investigation hoping to gather information which would justify the prosecution of some of the realtors who had, over a number of years, been paying bribes for permits. On September 3, 1985, it became clear that Finsel would not cooperate in the investigation.

Cogen visited the Coles' property on September 25, and observed that a foundation had been constructed. He notified Reinhardt of the property's condition on the same day. On September 27, 1985, Reinhardt called the Coles and informed them that he had reason to believe there might be problems with their sewage permit. He followed up this conversation with a confirming letter in which he requested their cooperation in allowing representatives from the Department of Environmental Resources to inspect the property and dig a seven foot hole to determine what sort of sewage disposal system should be installed. Nonetheless, it is clear that the Defendant was no more specific with the Coles than mentioning that there "might be problems with the permit" and specifically did not

advise them that their permit had been amended illegally. After sending the letter, Defendant Reinhardt never contacted the Coles again to warn or advise them of the illegality of their permit. The Coles completed construction of a home based on the illegal permit.

Reinhardt maintains that he did not previously notify the Coles of possible problems with their sewage permit for several reasons. He indicates that his first reason was that no construction was taking place on the property. Second, he contends that he did not want to jeopardize of prosecuting the realtors by disclosing potential irregularities in their permits prematurely. Finally, Reinhardt states that he did not know the Coles' permit was invalid until the test performed by the Department of Environmental Resources showed that the condition of the property was not as reflected in the permit.

On the above facts, Plaintiffs aver that Defendant Reinhardt's failure to warn Plaintiffs that their property was unsuitable for the type of sewage disposal system set forth on the reissued permit caused them to expend large sums of money to construct a dwelling on their property. Plaintiffs aver that Defendant Reinhardt, therefore, denied the Plaintiffs of the use and enjoyment of their property and otherwise induced them to expend money, thereby depriving them of that property and money without due process of law in violation of the Constitution of the United States of America. Defendant Reinhardt has moved to dismiss, or in the alternative for summary judgment, by asserting that the Coles have failed to state a cause of action upon which relief can be granted; and, that he is entitled to prosecutorial and/or qualified immunity from suit.

The Court will first consider whether Defendant Reinhardt violated Plaintiffs' federally protected rights since the Supreme Court has stated that the immunity issue should not be reached unless it is first determined that Plaintiffs' federally protected rights have been violated. *Martinez v. California*, 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481, *reh'g denied*, 445

U.S. 920, 100 S.Ct. 1285, 63 L.Ed.2d 606 (1980), quoting from *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (the "first inquiry in any Section 1983 suit ... is whether the Plaintiff has been deprived of a right" secured by the Constitution of the United States).

Section 1983 authorizes a court to grant judicial relief when an individual's federally protected rights are violated by a state or local official. Thus, a party who asserts a claim for relief under § 1983 must satisfy two elements: (1) "the plaintiff must allege that some person has deprived him of a federal right," and (2) "he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

In arguing that the Plaintiffs' have failed to state a cause of action, Defendant Reinhardt maintains that at most the allegations assert a negligent failure to warn, which does not rise to the level of a constitutional violation. In support of his argument, Defendant points out that at the time he became involved in the case, the bribe for the sewage permit had already been paid, and because no construction had taken place on the property at that point, the threat to Coles' interest were not imminent at the time he began to work on the case. Defendant further points out that when he did receive information that construction activity was underway, he acted promptly to inform the Coles of a potential problem with their permit, despite the fact that he was unsure whether or not the land could support the system provided for in the permit. Defendant argues that at most his conduct speaks in terms of negligence and does not approach the sort of abuse of government power that the Due Process Clause prohibits.

Plaintiffs attempt to refute Defendant Reinhardt's argument as follows:

> Defendant Reinhardt's first line of defense in regard to this action is that he committed no more than a simple act of negligence and he cites on his behalf the decision in *Daniels vs. Williams*, 474

U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). *Daniels* was a case where an inmate brought suit under 42 U.S.C. § 1983 against certain prison officials because he slipped on a pillow negligently left on a stairway by a Sheriff's deputy. The differences between the facts and the decision in *Daniels*, and those in the instant case, are striking. Defendant Reinhardt did not negligently refuse to reveal to the Coles that their permit had been issued based on an illegal bribe. Defendant Reinhardt intentionally withheld such information from the Coles.

Plaintiffs' brief, Doc. 83 at pp. 28–29.

The Supreme Court has ruled that the Due Process Clause of the Fourteenth Amendment is not implicated by an official's negligent act which causes an unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). In *Davidson*, a prisoner alleged that after having been threatened with physical force by a fellow inmate, he sent a note of the incident to a corrections officer. The note was ultimately passed along to a corrections sergeant. The sergeant, however, attended first to other matters, "which he described as emergencies, ... left the note on his desk unread" and eventually forgot about it. The prisoner later followed up his threat causing injury to the Davidson. The Court in considering the Plaintiff's Due Process claim stated that the officials' failure to exercise reasonable care "led to serious injury, but that lack of care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent."

Similar to the Defendant in *Davidson*, Reinhardt's conduct can be construed as no more than negligent. His actions in handling the matter do not speak to an individual actively seeking to deprive the Coles of their property or even gross negligence in failing to prevent a loss to them. As the facts demonstrate, he was not involved in this case when the sewage enforcement officer was bribed to amend the permit.

Nonetheless, when the Defendant learned that the Coles began building on the property he immediately acted to apprise them of a potential problem with their permit. Although one can certainly argue that he could have handled the situation more prudently, any failure on his part does not reflect the exploitation of government power that the Due Process clause seeks to condemn. Accordingly, the court finds a reasonable jury could at most conclude that Defendant Reinhardt's conduct was negligent and, thus, will grant Defendant Reinhardt's motion for summary judgment. An Order consistent with the above memorandum follows.

### ORDER

NOW, THIS 20th DAY OF JUNE, 1988, IT IS HEREBY ORDERED AS FOLLOWS:

1. Within thirty (30) days Plaintiffs are directed to amend Counts 1, 2, 3, 4, 14 and 15 of the Complaint in conformity with the Court's Memorandum in *Mallough v. Finsel, et al.*, Civil No. 86–1179 (filed May 31, 1988).

2. Kidder Township's motion to dismiss Count Five of the Complaint is denied.

3. Summary judgment is granted on Count Six of the Complaint in favor of Gary S. Reinhardt.

4. Kidder Township's motion to dismiss Count Seven, the breach of warranty claim is granted.

5. Northeast Land Company's motion to dismiss Count Eight on res judicata grounds is granted.

6. Pocono West, Inc. and Julian O. Finsel's motion to dismiss Count Thirteen of the Complaint on res judicata grounds is granted.

7. Pocono West, Inc.; George; S & S Home Builders, Inc.; and Finsel are dismissed from Count Fourteen on res judicata grounds.

8. Julian O. Finsel's motion to dismiss Count Fifteen on res judicata grounds with respect to Plaintiffs LeDonne and Orlando is granted.

9. Pocono West, Incorporated's motion to dismiss Counts Sixteen, Seventeen, and Twenty–Two on res judicata grounds is granted: Count Twenty-two will remain viable as it relates to Defendant Ludgate.

10. All remaining motions to dismiss the negligence counts are denied.