**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4329
_____

TONY R. HARPER,
                                        Appellant

v.

JAWAD SALAMEH, M.D.; CONEMAUGH MEDICAL CENTER;
ANNETTE KOWALEWSKI; JAMES TRETTER, in their professional as well as
personal capacity; HEALTH CARE SERVICES, et al. defendants, personal as well as
professional capacity

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00224)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 24, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Tony Harper appeals the District Court's order dismissing his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). For the reasons discussed below, we will affirm the District Court's judgment.

In 2016, Harper, an inmate at SCI-Laurel Highlands, filed an action under 42 U.S.C. § 1983 in the District Court contending that the prison doctors and the prison medical center had provided him with inadequate medical treatment. More specifically, he alleged that the defendants had operated on him an unnecessary number of times, implanted a catheter in his chest and then left it in well beyond the recommended period of six months, and wrongly denied him a kidney transplant. He sought money damages and an order directing the defendants to give him a kidney transplant.

Harper attached several documents to his complaint relating to a 2014 lawsuit that he had filed in the Cambria County Court of Common Pleas in which he sued the same defendants for the same injuries. These documents revealed that the Court of Common Pleas had dismissed the complaint and its amendments, ruling, as relevant here, that Harper had "failed to allege deliberate indifference to a serious medical need." Harper also attached an opinion from the Superior Court, in which the Superior Court dismissed Harper's appeal due his failure to comply with various procedural rules.

A Magistrate Judge, after screening the complaint, recommended that the District Court dismiss the complaint for failure to state a claim and deny leave to amend because any amendment would be barred by principles of res judicata. The District Court

approved and adopted the report and recommendation and dismissed the complaint.

Harper filed a timely notice of appeal.

We agree that Harper's complaint is barred by res judicata.[1] Under Pennsylvania law, which governs the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action," Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995). Here, the Court of Common Pleas's dismissal qualifies as a decision on the merits, see Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Brown v. Cooney, 442 A.2d 324, 326 (Pa. Super. Ct. 1982), and, because Harper has been denied all relief on appeal, that action is unquestionably final. Further, as we noted above, Harper has raised the same claims in both actions,[2] complaining about his numerous surgeries, their aftermath, and his inability to obtain a kidney transplant,[3] and he has made no effort to differentiate the two actions. Thus, the District Court properly concluded that the action was barred by

---

[1] It was permissible in this case for the District Court to apply res judicata at the screening stage. See Arizona v. California, 530 U.S. 392, 412 (2000); Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002).

[2] Harper also sued the same parties in both actions, with one exception: he added the Bureau of Health Care Services as a defendant in the federal action. This does not affect our conclusion here, both because res judicata applies to claims that could have been raised in the prior action, see Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co., 902 A.2d 366, 376 (Pa. 2006), and because Harper has not actually made any allegations against this defendant.

[3] While "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint," Morgan v. Covington Twp., 648 F.3d 172, 178 (3d Cir. 2011), Harper did not raise such a claim in his complaint.

res judicata.  Moreover, because of this bar, we agree with the District Court that any amendment to the complaint would have been futile.  <u>See generally</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment.