**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1850
_____

KHALIL K. HAMMOND,
Appellant

v.


ROBERT M. KRAK, D.M.D; SUPERINTENDENT LOUIS FOLINO; IRMA
VIHLIDAL, Health Care Administrator; JOHN WETZEL, Secretary of Corrections;
DORINA VARNER, Chief Grievance Officer; DR. BALAS, D.M.D.; VICTORIA
STANISHEFSKI, Health Care Administrator; BUREAU OF HEALTH CARE
SERVICES, through its director John Doe
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00952)
Chief Magistrate Judge: Honorable Cynthia R. Eddy (by consent)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 26, 2021
Before: JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Khalil Hammond appeals from an order of the United States District Court for the Western District of Pennsylvania, which granted the Defendants' motion for summary judgment in his civil rights lawsuit. We will affirm the District Court's judgment in part, vacate the judgment in part, and remand the matter for further proceedings.

Hammond's lawsuit in the District Court complained about the dental care he received in two different Pennsylvania prisons. He argued that the Department of Corrections' dentists had a policy of pulling teeth instead of trying to save the teeth through treatment. Dkt. #35.

The Defendants moved to dismiss. The District Court granted the motion in part, dismissing with prejudice all claims for monetary damages against individual defendants in their official capacities, based on Eleventh Amendment immunity. Dkt. #44 at 17. The Court also granted the Defendants' motion to dismiss all claims against the Bureau of Health Care Services, agreeing with the Defendants that the Bureau is not a "person" for purposes of a civil rights lawsuit under 42 U.S.C. § 1983, Dkt. #44 at 16-17, and that the Bureau is also immune from suit under the Eleventh Amendment, Dkt. #44 at 17-18.

The District Court denied the Defendants' motion to dismiss to the extent that it sought dismissal of claims against them in their individual capacities. Dkt. #45 at 2. The Court determined that further information was necessary before ruling on one of the Defendants' arguments—that res judicata barred Hammond's suit because the Court of Common Pleas of Greene County, Pennsylvania, had dismissed a nearly identical complaint brought by Hammond (the "Greene County" case). The District Court directed

the parties to engage in discovery on the res judicata question and directed the Defendants to move for summary judgment on the issue. Dkt. #45 at 2.

The District Court then granted the Defendants' summary judgment motion, determining that Hammond's claims were barred by res judicata. Dkt. #119 at 5. Hammond timely moved for reconsideration. Dkt. #129. After the District Court denied that motion by text-only order, see Dkt. #130, Hammond timely appealed, see Dkt. #135. Hammond asks us to review the District Court's November 8, 2018 order granting in part the Defendants' motion to dismiss, its March 3, 2020 order granting the Defendants' summary judgment motion, and its April 6, 2020 order denying his motion for reconsideration. The case is briefed and ripe for disposition.[1]

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also exercise de novo review of orders granting motions to dismiss. See Davis v. Samuels, 962 F.3d 105, 111 n.2 (3d Cir. 2020). And we review orders denying motions for reconsideration for an abuse of discretion, but to the extent that the

---

[1] Before briefs were filed, the Clerk directed the parties to address in their briefs "(1) whether the order of the Greene County Court of Common Pleas dismissing Hammond's prior complaint is a final judgment on the merits; i.e., whether the complaint was dismissed on procedural or substantive objections, see, e.g., Brown v. Cooney, 442 A.2d 324, 326 (Pa. Super. Ct. 1982); and (2) if the Greene County court dismissed Hammond's complaint on a procedural basis, whether the dismissal precluded Hammond from filing

denial is based on legal issues, we review that determination de novo as well. See Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 186 (3d Cir. 2021).

We begin by examining the District Court's November 8, 2018 order. The District Court properly dismissed the Bureau of Health Care Services as a Defendant, as any claim for damages against the Bureau was barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). We also affirm the District Court's decision to dismiss all claims for retroactive relief against all of the state officers, as such claims are also barred by the Eleventh Amendment. See Downey v. Pa. Dep't Corr., 968 F.3d 299, 309-10 (3d Cir. 2020).

We next move to the District Court's decision to grant summary judgment for the remaining Defendants based on res judicata. "Res judicata, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010) (citation omitted). A party invoking res judicata must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

The Defendants (Appellees here) have clarified that in the Greene County case, they filed preliminary objections based on both procedural and substantive grounds.

---

his federal complaint." Clerk's Order, App. Dkt. #15.

Appellees' Brief at 19-20. The state court sustained all of those preliminary objections and dismissed Hammond's complaint with prejudice. Id. Because some of the sustained objections involved the merits of the case, we are satisfied that the decision in the Greene County case is an adjudication on the merits.[2]

The District Court carefully compared the Greene County action with the federal complaint. We agree with the District Court that all of Hammond's claims regarding his dental treatment, or lack thereof, at SCI Greene in 2013 were raised, or could have been raised in the Greene County action. But we part company with the District Court over Hammond's claims related to his dental care in 2015 at SCI Frackville.

The District Court determined that while the events at Frackville occurred after Hammond filed the Greene County action, he could have amended his state court complaint to include those events, as they occurred before the state court defendants answered his complaint. But because plaintiffs have no duty to amend or supplement their pleadings, normally "res judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint." Morgan v. Covington Twp., 648 F.3d 172, 178 (3d Cir. 2011).

---

[2] We reject Hammond's argument that the state court lacked jurisdiction. The District Court properly explained that state courts have concurrent jurisdiction with federal courts over § 1983 actions. Mem. Op., Dkt. #119 at 7. And the fact that Hammond mistakenly referenced 28 U.S.C. § 1391 in his state law complaint did not divest the state court of jurisdiction. The District Court thus did not abuse its discretion in denying Hammond's motion for reconsideration, which raised only the argument that the state court lacked jurisdiction. See Dkt. #130 (text-only order rejecting Hammond's motion for reconsideration).

And importantly, an attempt to amend the Greene County action would have been futile, because Hammond had not yet exhausted administrative remedies regarding his dental treatment at SCI Frackville. See Minor v. Kraynak, 155 A.3d 114, 124 (Pa. Commw. Ct. 2017) (explaining that a prisoner who raises federal claims related to prison conditions must first exhaust administrative remedies) (citing 42 Cons. Stat. Ann. § 6603(a); 42 U.S.C. § 1997e(a)). Because Hammond's administrative remedies regarding his dental treatment at Frackville SCI were not exhausted until October 2015, several months after the Greene County action was dismissed, Hammond could not bring his Frackville-based claims in the Greene County action. See Booth v. Churner, 532 U.S. 731, 738 (2001) (noting that administrative exhaustion must take place before a complaint is filed); see also Wisniewski v. Fisher, 857 F.3d 152, 158 (3d Cir. 2017) (noting that because administrative exhaustion is mandatory, the § 1983 period of limitations should be tolled during administrative exhaustion). Thus, we conclude that the District Court erred in dismissing Hammond's Frackville-based claims on the basis of res judicata.[3]

For these reasons, we will affirm the District Court's judgment to the extent that it dismissed as Defendants the Bureau of Health Care Services, and the other state officials in their official capacities. We also will affirm the District Court's judgment to the extent

---

[3] In 2014, Hammond was housed at SCI Albion for some time. Although his complaint states that he experienced unnecessary pain there, it does not appear that the claims of his complaint are based on his time at SCI Albion, and in any event, it does not appear that he exhausted any administrative remedies concerning his dental issues at that institution. We thus do not consider those allegations further.

that it determined that res judicata barred Hammond's claims regarding his dental treatment, or lack thereof, at SCI Greene in 2013. We will vacate the District Court's judgment to the extent that it denied Hammond's claims related to his dental treatment, or lack thereof, at SCI Frackville, and will remand the matter for further proceedings.[4] We express no opinion on the merit of those claims.

---

[4] Hammond's motions to present oral argument are denied. We also deny his motion to accept his reply brief out of time, as the Court has not received a reply brief.