**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1591
_____

LANSANA MANSARAY,
                    Appellant

v.

ROBERT WENNER; KEVIN DALY; OIL CITY POLICE DEPARTMENT; CITY OF
OIL CITY, CITY COUNCIL
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00081)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2025
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: June 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Lansana Mansaray appeals from the District Court's grant of Appellees' motion to dismiss his amended complaint for failure to state a claim based on res judicata. For the following reasons, we will affirm.

I

Mansaray filed suit in the United States District Court for the Western District of Pennsylvania asserting that his civil rights were violated when local municipal police officers purportedly sent a biased police report to the United States Citizenship and Immigration Services (USCIS). The report stated that Mansaray posed a danger to the community. Because of this report, Mansaray claimed, immigration authorities denied his I-360 Violence Against Women Act (VAWA) petition, which led to his deportation. Mansaray named four Defendants in his amended federal complaint; they were: (1) Robert Wenner; (2) Kevin Daly; (3) the Oil City Police Department; and (4) the Oil City Council. In his amended complaint, Mansaray noted a prior separate state court case in the Pennsylvania Court of Common Pleas, Venango County, that had been decided against him.

Ultimately, the District Court granted the Appellees' motion to dismiss Mansaray's amended complaint pursuant to res judicata. The District Court specifically relied on a December 5, 2022 order from the Pennsylvania Court of Common Pleas, Venango County. In that case, like his federal case, Mansaray sued Henner and Daly for sending the purportedly biased report to USCIS that caused him to be deported. The Court of Common Pleas dismissed Mansaray's state complaint with prejudice for failure

to state a claim. Mansaray did not appeal that order to the Pennsylvania Superior Court. The District Court determined that the Pennsylvania Court of Common Pleas' judgment precluded this federal action.

Mansaray appealed the District Court's judgment. After the matter was fully briefed by the parties in this Court, Mansaray filed a motion to strike Appellees' brief and requested punitive damages.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although res judicata is an affirmative defense, a party can assert it in a motion to dismiss when, as here, the defense is apparent on the face of the complaint. See Adams v. Gould Inc., 739 F.2d 858, 870 n.14 (3d Cir. 1984); see also Hoffman v. Nordic Nats., Inc., 837 F.3d 272, 280 (3d Cir. 2016).

## III

The District Court, as detailed above, dismissed Mansaray's federal amended complaint as barred by res judicata.[1] "In determining the applicability of principles of res

---

[1] The District Court stated that Mansaray's claims were also likely barred by the statute of limitations. However, given our conclusion that the District Court's res judicata

judicata, we must give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir. 2006) (citations omitted). Under Pennsylvania law, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." Balent v. City of Wilkes–Barre, 669 A.2d 309, 313 (Pa. 1995) (citation omitted). The doctrine "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Id.

Mansaray's state case resulted in a final judgment on the merits as his state case was dismissed with prejudice for failure to state a claim. See Brown v. Cooney, 442 A.2d 324, 326 (Pa. Super. Ct. 1982) ("Dismissal of an action for failure to state a claim is a final judgment on the merits."). The Pennsylvania Court of Common Pleas determined that Mansaray failed to allege facts showing that the transmission of the report constituted a breach of any duty owed to him and that Mansaray failed to show he was deprived of any constitutional or statutory right.

Mansaray also asserted the same cause of action in both his state and federal cases—that his civil rights were violated when officers purportedly sent a biased police report to immigration officials which led to his deportation. Indeed, in both cases,

---

analysis was sound, we need not consider that potential alternative rationale given by the District Court.

4

Mansaray sued Wenner and Daly. While Mansaray also sued the Oil City Police Department and the Oil City Council in his amended federal complaint, that does not change the result that the District Court properly applied res judicata to bar Mansaray's federal suit. See Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir. 1972) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants."); Helmig v. Rockwell Mfg. Co., 131 A.2d 622, 627 (Pa. 1957) (stating that res judicata "should not be defeated by minor differences of form, parties or allegations" and that a shuffling of defendants on the record should not be permitted to nullify the res judicata rule).

Accordingly, for these reasons, the District Court properly applied res judicata in granting Appellees' motion to dismiss. Thus, we will affirm. Mansaray's pending motions before this Court are denied.